**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1376-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KANEM WILLIAMSON,

     Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided December 8, 2025

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1937.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kanem Williamson appeals from a November 30, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The facts leading to defendant's convictions and sentence are set forth in State v. Williamson, No. A-2501-17 (App. Div. Jan. 9, 2020). We summarize the facts relevant to this appeal.

In 2015, defendant was indicted for first-degree murder, second-degree unlawful possession of weapons, and second-degree possession of weapons for an unlawful purpose. Defendant was eighteen years old when he committed these offenses.

The matter was tried before a jury in 2017. Toward the end of the trial, defense counsel argued the first-degree murder charge should be reduced to "agg[ravated] man[slaughter]" or "perhaps provocation manslaughter" due to defendant's erratic behavior and intoxication at the time of the incident.

The judge prepared draft jury charges for counsels' review. The proposed jury charges included aggravated manslaughter and reckless manslaughter as lesser included offenses to murder. Because the prosecutor objected to the inclusion of reckless manslaughter, the judge agreed to remove that jury

instruction. Defense counsel did not object to deleting reckless manslaughter from the proposed charge.

At a subsequent conference discussing the proposed jury instructions, defense counsel "equivocat[ed] about whether to ask for any lesser[] included[] at all" and told the judge she would discuss the matter with defendant. Defense counsel explained defendant "want[ed] [her] to just ask for murder or nothing." However, as his attorney, defense counsel said "she need[ed] to do what [she] th[ought] [wa]s right. And [she] th[ought] the right thing to do, notwithstanding what [defendant was] thinking . . . [wa]s to ask for the agg[ravated] man[slaughter]." After considering defense counsel's position, the judge included the aggravated manslaughter charge "in an abundance of caution" and "upon the defense's request" despite "not believ[ing] . . . [a]ggravated [m]anslaughter was in the case."

On October 13, 2017, the jury acquitted defendant of first-degree murder but convicted him of aggravated manslaughter and weapons charges. After merging the second-degree possession of weapons for an unlawful purpose with aggravated manslaughter, the judge sentenced defendant to twenty-five years in prison with an eighty-five percent period of parole ineligibility. On the unlawful weapon possession conviction, the judge sentenced defendant to an eight-year

3

A-1376-23

prison term concurrent to his sentence for aggravated manslaughter. At sentencing defendant, the judge noted he "repeatedly committed various offenses[] or w[as] charged with various offenses" from sixteen years of age to nineteen years of age. The judge explained the sentence reflected a need "to deter [defendant] and others from violating the law."

Defendant appealed his convictions and sentence. We affirmed. State v. Williamson, No. A-2501-17 (App. Div. Jan. 9, 2020). The New Jersey Supreme Court granted defendant's petition for certification, State v. Williamson, 241 N.J. 185 (2020), and affirmed this court's opinion. State v. Williamson, 246 N.J. 185 (2021).

On December 5, 2022, five years and four days after he was sentenced, defendant filed a PCR petition. In his petition, defendant asked the PCR judge to relax the five-year time limit under Rule 3:22-12, arguing excusable neglect. On the merits, defendant contended he received ineffective assistance of counsel because his trial attorney requested a jury charge on the lesser-included offense of aggravated manslaughter despite his objection.

The PCR judge, who presided at defendant's trial and sentencing, heard arguments on defendant's PCR application. In an oral decision, the judge, citing the COVID-19 pandemic, found defendant demonstrated excusable neglect in

filing his PCR petition, noting the delay was "a mere four days" after the five-year deadline.

In reviewing defendant's ineffective assistance of counsel claim regarding the inclusion of a jury instruction on the lesser-included offense of aggravated manslaughter over defendant's objection, the judge applied Strickland v. Washington, 466 U.S. 668 (1984), as incorporated in New Jersey by State v. Fritz, 105 N.J. 42 (1987). The judge explained defendant was required to demonstrate "allege[d] errors by his [trial] counsel, that but for those errors by counsel, there would have been a different result."

Regarding defense counsel's decision to request a jury instruction on aggravated manslaughter, the judge explained she "struggled" with the decision. However, the judge ultimately found defense counsel "did what . . . was appropriate as a defense attorney" in arguing defendant's behavior was "chaotic" rather than "purposeful and deliberate" in requesting a jury charge on aggravated manslaughter as a lesser-included offense of murder.

At oral argument on defendant's PCR petition, the judge specifically remembered discussing the charge following the trial testimony. The judge recalled,

> [a] request was made for the aggravated
> [manslaughter]. I thought about it. I saw that there was

A-1376-23

a rational basis. If it wouldn't have come to me, I would have just, quite frankly, left it at murder. However, the request was made by defense counsel. And I thought through it, it seemed, yes there is an appropriate reason for charging this matter. And that is why, in fact, I charged it.

The PCR judge concluded an evidentiary hearing was unnecessary because defendant failed to provide a "rational basis . . . as to what additional information c[ould] be solicited from the defense attorney." The judge did "not believe that if [aggravated manslaughter] had not been charged, that there would have been a different result in this case." According to the judge: "The only different result I would believe that would have happened in this case is that [defendant] would have faced many more years as a mandatory sentence for murder, as opposed to [] aggravated [manslaughter]."

On November 30, 2023, the judge entered an order denying defendant's PCR petition, concluding defendant failed "to meet the requirements to make a prima facie case for ineffective assistance of counsel."

On appeal, defendant raises the following arguments:

POINT ONE

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING OR RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ASKING FOR A JURY CHARGE ON

6

AGGRAVATED MANSLAUGHTER, THE LESSER[-] INCLUDED OFFENSE OF MURDER.

POINT TWO

DEFENDANT'S SENTENCE, WHICH WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS AN ADOLESCENT AT THE AGE OF [EIGHTEEN] AT THE TIME OF THE OFFENSES, IS CRUEL AND UNUSUAL PUNISHMENT. THE WELL-ESTABLISHED SCIENCE SHOWS THAT THE LAW'S HEIGHTENED PROTECTIONS WHEN SENTENCING JUVENILES WHO COMMIT CRIMES SHOULD APPLY TO PERSONS AGED 18 TO 20. THEREFORE, THERE MUST BE A RESENTENCING IN ACCORDANCE WITH MILLER v. ALABAMA, 567 U.S. 460 (2012).

I.

We first consider defendant's ineffective assistance of counsel claim and entitlement to an evidentiary hearing. "We review the legal conclusions of a PCR court de novo." State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing State v. Harris, 181 N.J. 391, 419 (2004)). "The de novo standard additionally applies to mixed questions of law and fact." Ibid. (citing Harris, 181 N.J. at 420). The de novo standard of review also applies when a PCR court declines to conduct an evidentiary hearing. Ibid.

Defendant argues his trial counsel was ineffective in requesting "a jury charge on aggravated manslaughter as a lesser included offense of murder

7

because, as a result, the jury acquitted him of murder but convicted him of aggravated manslaughter when he otherwise would have only been acquitted of the homicide." He further contends the PCR judge erred in finding he failed to establish a "prima facie case of ineffective assistance of counsel" and the judge should have held an evidentiary hearing because "his overall claim is dependent on evidence outside of the record."

A request for a PCR evidentiary hearing is governed by Rule 3:22-10(b). The Rule states:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR.] . . . To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

In determining whether a defendant presented a prima facie case for ineffective assistance of counsel, PCR courts apply the two-pronged standard formulated in Strickland and adopted by our Supreme Court in Fritz. State v. Konecny, 250 N.J. 321, 342 (2022).

Under the first Strickland prong, "the defendant must show that counsel's performance was deficient." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Specifically, "[w]hen a convicted defendant complains of the

ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[C]lient loyalty, adequate consultation, and legal proficiency are relevant in determining whether assistance was effective." Fritz, 105 N.J. at 52.

Under the second Strickland prong, "the defendant must show that the deficient performance prejudiced the defense." Ibid. (quoting Strickland, 466 U.S. at 687). "Specifically, a defendant alleging actual ineffectiveness must show that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Ibid. (quoting Strickland, 466 U.S. at 694).

At the PCR motion hearing, the judge rejected defendant's argument that the facts adduced at trial failed to support a jury instruction on aggravated manslaughter as a lesser-included offense of murder. As the judge explained, defendant's father testified at trial that defendant confessed to killing the victim. Additionally, there was a dying declaration by the victim, identifying defendant as the person who shot at her eleven times. The judge further noted the firing of eleven shots, with five shots striking the victim, indicating the shooter acted in complete disregard for human life. Because the victim lived for eleven

months after the shooting, the judge explained the shooter's action was "reckless." Based on these facts, the judge stated there was a rational basis to charge aggravated manslaughter. The judge explained she elected to include that charge in her role as "the gatekeeper as to what should and should not go [to] the jury."

The PCR judge also explained defendant could have received a lengthy sentence for murder if his trial counsel had not requested a jury instruction on the lesser-included offense of aggravated manslaughter. The judge concluded defense trial counsel, an experienced attorney with the Office of the Public Defender, made a strategic decision and exercised her informed judgment in requesting a jury charge on the lesser-included offense to provide the jury with an alternative to convicting defendant of first-degree murder.

Further, the PCR judge could not "concede that the jury would have found anything" to acquit defendant of his conduct based on the facts presented at trial. Based on "the amount of evidence in this case," the judge stated defendant was "never going to get to the [']but for['] in this case" to satisfy the second prong under Strickland.

In rejecting defendant's request for an evidentiary hearing, the PCR judge explained she had to determine "what additional information [could] be solicited

A-1376-23

from the defense attorney" at such a hearing. The judge concluded she "d[id]n't know what else [defense counsel could] add" because the reason for defense counsel's request to charge the lesser-included offense "was clear . . . within the transcript." The judge determined an evidentiary hearing would not elicit any additional information beyond the information in the transcript from the charge conference.

This case, unlike many cases involving a decision to charge a lesser-included offense, involved a decision by an experienced defense attorney. Defense counsel told the judge the reasons for requesting an aggravated manslaughter charge as a lesser-included offense to murder despite her client's objection. Defense counsel also cited the trial evidence to support the request to charge aggravated manslaughter in addition to murder.

The decision whether to charge manslaughter as a lesser-included offense of murder "rests primarily with the trial judge who must determine whether such a manslaughter instruction is appropriate in light of the facts of a particular case." State v. Bishop, 225 N.J. Super. 596, 602 (App. Div. 1988). A trial judge has an independent, non-delegable duty "to instruct on lesser-included charges when the facts adduced at trial clearly indict that a jury could convict on the lesser while acquitting on the greater offense." State v. Jenkins, 178 N.J. 347,

361 (2004) (citing State v. Garron, 177 N.J. 147, 180 (2003)). "Where the evidence clearly raises an issue justifying a finding [to charge a lesser-included offense] it must be charged even absent a request." Bishop, 225 N.J. Super. at 602-03 (emphasis omitted).

Here, the trial judge, in her role as the gatekeeper, considered the evidence presented to the jury. Based on the facts in this case, the judge concluded there was a rational basis for charging aggravated manslaughter as a lesser-included offense of murder. The judge explained defense trial counsel "saved this defendant's life. He could have been [facing thirty] years to life, but for asking for a lesser[-]included offense for the jury to consider." The judge expressly rejected defendant's supposition that the jury would have acquitted him of murder, finding the argument was based on "flawed logic."

On this record, we are satisfied there was a rational basis for the trial judge to charge defendant with aggravated manslaughter as a lesser-included offense of murder for the reasons expressed by the judge. Consistent with well-settled case law, the trial judge appropriately exercised her independent duty to include such a charge even if defense trial counsel had not made the request.

Moreover, defendant's dissatisfaction with his attorney's exercise of her judgment and trial strategy in requesting a jury instruction on aggravated

manslaughter does not warrant PCR under these facts. See State v. Castagna, 187 N.J. 293, 314-15 (2006) ("As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of a fair trial."). Defendant faced a lengthy prison sentence had the jury convicted him of murder. Defense counsel's decision to offer the jury an alternative to murder under the circumstances did not deprive defendant of his right to a fair trial.

Because defendant failed to satisfy either of the Strickland prongs, the PCR judge properly denied defendant's PCR petition without an evidentiary hearing.

II.

We next consider defendant's argument that he is entitled to resentencing based on his age at the time he committed these offenses. Defendant contends the sentence constituted cruel and unusual punishment based on "well-established science" that he was entitled to heightened protection at the time of sentencing because he was eighteen years old when he committed these offenses. We disagree.

Defendant relies on Miller v. Alabama, 567 U.S. 460 (2012), in support of his argument. In Miller, the United States Supreme Court stated inherent juvenile characteristics, such as "transient rashness, proclivity for risk, and inability to assess consequences," lessened the "moral culpability" of juvenile offenders and thus a juvenile's youth is a "central consideration" to the sentencing process. Id. at 472-74 (quoting Graham v. Florida, 560 U.S. 48, 68 (2010)). Defendant asserts recent scientific evidence demonstrates "late adolescents" share the same pertinent characteristics as juveniles and therefore Miller should be extended to young adult offenders between the ages of eighteen and twenty.

New Jersey courts have adopted the United States Supreme Court's reasoning in Miller. In State v. Zuber, 227 N.J. 422, 429 (2017), our Supreme Court noted "'children are different' when it comes to sentencing, and 'youth and its attendant characteristics' must be considered at the time a juvenile is sentenced to life imprisonment without the possibility of parole." (quoting Miller, 567 U.S. at 465). However, the Court explicitly declined to "extend Miller's protections to defendants sentenced for crimes committed when those defendants were over the age of eighteen." State v. Ryan, 249 N.J. 581, 596 (2022).

Most recently, in State v. Jones, 478 N.J. Super. 532 (App. Div.), certif. denied, 259 N.J. 304 (2024), the defendants, who committed their offenses as "late adolescents," requested resentencing on similar scientific grounds as those raised by defendant here. In that case, we explained: "'The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" Id. at 550-51 (quoting Ryan, 249 N.J. at 600 n.10). Because defendant was eighteen at the time of these offenses, he was ineligible for resentencing under Miller.

Even if defendant had been eligible for resentencing under Miller, the judge considered his age at the sentencing hearing. The judge specifically noted defendant committed or been charged with numerous offenses between ages sixteen and nineteen. The sentencing judge mentioned defendant's age at the time of his offenses multiple times during the hearing and clearly knew defendant's status as a late adolescent when imposing the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-1376-23